[Cite as *Fed. Ins. Co. v. Executive Coach Luxury Travel, Inc.*, 128 Ohio St.3d 331, 2010-Ohio-6300.]

FEDERAL INSURANCE COMPANY, APPELLEE, *v.* EXECUTIVE COACH LUXURY

TRAVEL, INC., APPELLEE; BETTS, ADMR., ET AL., APPELLANTS.

AMERICAN ALTERNATIVE INSURANCE CORPORATION, APPELLEE, *v.*

EXECUTIVE COACH LUXURY TRAVEL, INC., APPELLEE; BETTS, ADMR., ET AL.,

APPELLANTS.

[Cite as *Fed. Ins. Co. v. Executive Coach Luxury Travel, Inc.*,

128 Ohio St.3d 331, 2010-Ohio-6300.]

*Insurance — Insureds — Bus service contracted by college is a hired bus under*

*the college's insurance policy, and the driver employed by the bus*

*company is an insured under that same policy — Judgment reversed, and*

*cause remanded.*

(No. 2009-2307 — Submitted September 14, 2010 — Decided

December 28, 2010.)

APPEAL from the Court of Appeals for Allen County,

Nos.1-09-17 and 1-09-18, 2009-Ohio-5910.

_____

**PFEIFER, J.**

{¶ 1} In March 2007, the Bluffton University ("Bluffton") baseball team was scheduled to play multiple games in Sarasota, Florida. James Grandey Jr., Bluffton's head baseball coach, had contracted with Executive Coach Luxury Travel, Inc. ("Executive") to transport the players and coaches to Florida. Jerome Niemeyer, an Executive employee, was a driver. While driving, he apparently mistook an exit ramp for another lane on the highway and was unable to stop the bus at the top of a ramp. The bus crashed onto the roadway below the interstate.

Niemeyer, his wife, and five Bluffton players were killed in the crash. Others were injured.

**{¶ 2}** At the time of the crash, Bluffton had a commercial automobile policy with Hartford Fire Insurance Company ("Hartford"), a commercial umbrella policy with appellee American Alternative Insurance Corporation ("American"), and an excess follow-form policy with appellee Federal Insurance Company ("Federal"). The Federal policy has a clause stating that its coverage is subject to the terms, conditions, agreements, exclusions, and definitions of its "controlling underlying insurance," which is the American policy. The American policy is subject to "Underlying Insurance," which is the Hartford policy. The Hartford policy language, in other words, controls the extent of the coverage of all Bluffton's insurance policies. The issue is whether Niemeyer is an insured within the language and meaning of Bluffton's Hartford policy.

**{¶ 3}** Appellants, who are certain injured passengers and the administrators of the estates of the deceased, argue that Niemeyer is an insured because Niemeyer drove a bus that Bluffton hired and with Bluffton's permission. Their argument is grounded in the principle that words not defined within an insurance policy must be given their natural and commonly accepted meaning. *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 167-168, 24 O.O.3d 274, 436 N.E.2d 1347. Federal and American counter that Bluffton did not "hire" the bus because it did not exert control over and possess the bus. They argue that Bluffton simply contracted for transportation services and did nothing more than assent to Executive's authority over its own bus drivers.

**{¶ 4}** Appellees filed separate complaints for declaratory judgment. Appellants filed motions to intervene. The trial court granted the motions to intervene, and shortly thereafter, the cases were consolidated. Appellees and appellants filed motions for summary judgment. The trial court granted appellees'

motion for summary judgment, stating that Bluffton had neither hired the charter bus nor permitted Niemeyer to drive the bus and concluded that Bluffton did not have control or authority over the bus and the driver. Appellants appealed. The court of appeals affirmed, concluding that Niemeyer and the bus were not insureds under the Hartford Policy. *Fed. Ins. Co. v. Executive Coach Luxury Travel, Inc.*, Allen App. Nos. 1-09-17 and 1-09-18, 2009-Ohio-5910, ¶ 45. We granted appellants' discretionary appeal. *Fed. Ins. Co. v. Executive Coach Luxury Travel,* 124 Ohio St.3d 1505, 2010-Ohio-799, 922 N.E.2d 969.

**Analysis**

**{¶ 5}** Addressing the policy owner, Section II(A)(1)(b) of the Hartford policy defines an "insured" as "[a]nyone else while using with your permission a covered 'auto' you own, hire or borrow." The parties refer to this clause as the "omnibus clause." Appellants argue that pursuant to the plain meaning of "hire" and "permission," Niemeyer is an insured. Appellees maintain that Executive is an independent contractor for whom Niemeyer worked and that therefore, Niemeyer was not using the charter bus with Bluffton's "permission," nor did Bluffton "hire" the charter bus. They believe, therefore, that Niemeyer is not an insured.

**{¶ 6}** Pursuant to the policy, a person who otherwise fits the definition of an insured can be excluded from coverage through five listed exceptions. We conclude that none of them apply. The omnibus clause excepts from coverage the owner of an auto that is hired or borrowed. Niemeyer did not own the charter bus or rent or lend it to Bluffton. The clause also excludes an employee driving his or her auto or the auto of a family member. Neither Niemeyer nor a family member owned the charter bus. Anyone selling, servicing, repairing, parking, or storing "autos" is also excluded. Niemeyer was doing none of those things. Excepted from coverage also is anyone, not an employee, who is moving property to or

from a covered auto. Niemeyer was not moving property to or from a covered vehicle. Finally, coverage excludes partnership members and members of a limited-liability company when driving an auto owned by the partner or member or a member of his or her household. Niemeyer was not a partner or member of any entity involved in this case.

{¶ 7} Having concluded that Niemeyer is not excepted from coverage, we must determine whether he is an insured. Preliminarily, it is important to address a policy argument that imbues the arguments of the appellees. The appellees contend that they never intended to provide coverage for someone like Niemeyer, whom they consider an unforeseen third party. We consider this contention disingenuous. The omnibus clause is broad. It applies, with the above exceptions, to "anyone else." We are not persuaded by the contention that the driver of a bus that Bluffton rented from a company in the business of renting buses is an unforeseen third party, when a clause in the insurance policy covers "anyone else" driving a hired auto.

{¶ 8} The omnibus clause appears straightforward; none of the words in it are unusual or uncommon, but only "auto" is defined in the policy. All the involved parties have spent much time and effort advocating for their definition of the words "hire" and "permission." On its face, it is clear to us that the omnibus clause applies to the case before us; Bluffton hired the bus from Executive and granted permission to Niemeyer to drive the bus. Whether the insurance company intended the clause to apply is immaterial because the language of the policy supports a conclusion that Niemeyer is an insured. We construe insurance policies liberally in favor of the insured. *Blue Cross & Blue Shield Mut. of Ohio v. Hrenko* (1995), 72 Ohio St.3d 120, 122, 647 N.E.2d 1358, citing *Yeager v. Pacific Mut. Life. Ins. Co.* (1956), 166 Ohio St. 71, 1 O.O.2d 204, 139 N.E.2d 48, paragraph one of the syllabus.

**{¶ 9}** Appellees contend that the meaning of the word "hire" cannot be determined without recourse to federal circuit court cases, which define "hire" in terms of control and possession. *United States Fid. & Guar. Co. v. Heritage Mut. Ins. Co.* (C.A.7, 2000), 230 F.3d 331, 333. Appellees identify the following as factors to determine whether a party has possession and control over an auto: whether the policy holder (1) maintained the vehicle, (2) required the vehicle to be a certain size or have certain specifications, (3) selected the driver, (4) had the authority to fire the driver, (5) was " 'interested only in the results' " of the transportation, and (6) assumed control of the vehicle by directing loading operations. *Toops v. Gulf Coast Marine Inc.* (C.A.5, 1996), 72 F.3d 483, 487-488. We are not persuaded that these cases should be the law of Ohio. First, they are factually inapposite in that they involve the loading and hauling of construction equipment and materials, not the transportation of people. Second, even under this test, we would conclude that Bluffton hired the bus.

**{¶ 10}** When Grandey requested a bus from Executive, he had certain size and leisure requirements. He specifically requested a bus that was large enough to hold the entire team and that had a DVD player. Executive sought and received Bluffton's express permission to allow Niemeyer, a driver with whom Grandey had had experience, to drive the bus. Grandey testified at deposition that he had the authority to direct Niemeyer to stop driving if he was driving dangerously. Grandey could also request that Niemeyer stop the bus for any reason, including whenever the players needed a break or a meal. The Bluffton players loaded their equipment and luggage onto the charter bus. Finally, when Grandey discovered that a DVD player was not working properly, he had the driver stop the bus, and Grandey fixed it. We consider these facts to collectively establish the requisite level of control and possession to meet the test advocated by appellees, even though we do not adopt that test.

**{¶ 11}** Appellees also rely on *Combs v. Black*, 10th Dist. No. 05 AP-1177, 2006-Ohio-2439. We consider this reliance misplaced, as the case provides more support to appellants. The insurance policy in *Combs* contains an exception to its omnibus clause that is similar to the second exception in this case, except that, in addition to excluding from coverage the owner of an auto that is hired or borrowed, it also excepts agents and employees of the owner. Id. at ¶ 19. If that exception had been in the Hartford policy, Niemeyer could not be an insured. But there is no such exception in the Hartford policy, and we will not create one. The existence of the exception in *Combs* is compelling evidence that Niemeyer is not an unforeseen third party.

**{¶ 12}** Two key terms, "hire" and "permission," are used in the omnibus clause and have common and ordinary definitions. The term "hire" means to "procure the temporary use of property, usu. at a set price." Black's Law Dictionary (9th Ed.2009) 799; see also Merriam-Webster's Collegiate Dictionary (11th Ed.2006) 589. The term "permission" is defined as authorization. Black's Law Dictionary at 1255; see also Merriam-Webster's Collegiate Dictionary at 923.

**{¶ 13}** We conclude that the lower courts erred when they determined that Niemeyer was not an insured. Based on the facts of this case, we conclude that Bluffton hired the bus when Grandey procured the use of the bus in exchange for payment to Executive. We also conclude that Niemeyer was driving the bus hired by Bluffton with Bluffton's permission because Executive had sought and Grandey had granted a request to allow Niemeyer to drive the bus. Accordingly, we conclude that Niemeyer is an insured pursuant to the omnibus clause.

**Conclusion**

**{¶ 14}** We reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings.

Judgment reversed
and cause remanded.

BROWN, C.J., and O'CONNOR and CANNON, JJ., concur.

LANZINGER, J., concurs in judgment only.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

TIMOTHY P. CANNON, J., of the Eleventh Appellate District, sitting for CUPP, J.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 15} I respectfully dissent.  In order to insure a third party, the omnibus clause requires that the policyholder own, hire, or borrow a covered "auto."  Both courts below agreed that reasonable minds could not differ in concluding that Bluffton did not "hire" the Executive Coach bus.  I agree.

{¶ 16} The omnibus clause of the Hartford policy does not apply to the facts of this case, because Bluffton did not "hire" a bus or give "permission" to Jerome Niemeyer to drive.  Instead, as the trial court found, the evidence demonstrates that Bluffton contracted with Executive Coach for transportation services – and a bus and driver were incidental to the contract.  Executive Coach chose a bus to provide Bluffton with transportation, and Executive Coach hired Niemeyer to drive.  Although Executive Coach worked to accommodate the requests of its client, ultimately, Executive Coach was responsible for assigning a bus and a driver to provide transportation services to Bluffton.  Thus, Niemeyer was not an insured under the omnibus clause.

{¶ 17} As the trial court concluded:  "Bluffton University's use of the motor coach and any authority Bluffton had over the motor coach driver was always subject to the permission Executive Coach gave its driver and its customer

Bluffton University to use the motor coach." Additionally, the court found that Bluffton could not use the bus in any manner that Executive Coach did not allow.

{¶ 18} The majority's narrow interpretation expands the scope of coverage beyond what the parties to the insurance policy intended. Although the majority considers the parties' intent immaterial, the "fundamental goal in insurance policy interpretation is to ascertain the intent of the parties from a reading of the contract in its entirety, and to settle upon a reasonable interpretation of any disputed terms in a manner calculated to give the agreement its intended effect." *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 89, 545 N.E.2d 83. We have held that provisions in an insurance contract that are reasonably susceptible of more than one interpretation will be construed liberally in favor of the insured. *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus. See also *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 13. But this " 'rule will not be applied so as to provide an unreasonable interpretation of the words of the policy.' " Id. at ¶ 14, quoting *Morfoot v. Stake* (1963), 174 Ohio St. 506, 23 O.O.2d 144, 190 N.E.2d 573, paragraph one of the syllabus.

{¶ 19} Today's opinion unreasonably extends coverage to a third party and effectively opens the door for similar claims under other scenarios because the omnibus clause is standard in many insurance policies. For example, in its brief, appellee American Alternative Insurance Corporation applies the majority's interpretation to the following scenarios: An attorney hails a taxi and asks the driver to drive her to the airport. On the way, the driver loses control of the taxi and negligently causes an accident that injures numerous people. Or a bride and groom climb into a waiting limousine to get to their reception. The chauffer falls asleep at the wheel and causes an accident. Finally, a church contracts with a bus

company to transport its members to a social event. The bus driver causes an accident on the way.

{¶ 20} Based on the majority's interpretation of the omnibus clause, the taxi company, limousine company, bus company, and their drivers could rely on the customer's liability insurance to supplement their own coverage because there is little to distinguish these examples from the facts in this case. But the drivers in these situations are not intended to be insured under the omnibus clause of a customer's liability policy.

{¶ 21} I believe that the trial court properly interpreted the omnibus clause in the Hartford policy and concluded that Niemeyer was not an insured at the time of the accident: "Bluffton had contracted with Executive Coach for services and the bus was only incident to said contract. Bluffton therefore hired Executive Coach to provide charter service." Therefore, "Bluffton College could not be found to have owned, hired, or borrowed the vehicle at the time of the accident."

{¶ 22} Consequently, I respectfully dissent and would affirm the judgment of the court of appeals.

O'DONNELL, J., concurs in the foregoing opinion.

_____

Gallagher Sharp, D. John Travis, and Gary L. Nicholson, for appellee Federal Insurance Company.

Crabbe, Brown & James, Steven B. Ayers, and Robert C. Buchbinder; and Bates & Carey, L.L.P., and Daniel I. Graham Jr., for appellee American Alternative Insurance Corporation.

Cubbon & Associates Co., L.P.A., and James E. Yavorcik, for appellant Timothy E. Berta.

Connelly, Jackson & Collier, L.L.P., Steven R. Smith, Steven P. Collier, Janine T. Avila, and Adam S. Nightingale, for appellant Feroen J. Betts.

Transportation Injury Law Group, P.L.L.C., and Douglas Desjardins, for appellant Geneva Williams.

Dyer, Garofalo, Mann & Schultz and John Smalley, for appellants Kim Askins and Jeffrey E. Holp.

Robison, Curphey & O'Connell and David W. Stuckey, for appellant Caroline Arend.

_____