[Cite as *JPMorgan Chase Bank, NA v. Carroll*, 2013-Ohio-5273.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NA, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-04-010 |
| | : | O P I N I O N |
| - vs - | | 12/2/2013 |
| | : | |
| GLENN R. CARROLL a.k.a. GLENN CARROLL, et al., | : | |
| | : | |
| Defendants-Appellants. | : | |
| | : | |

CIVIL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CVE 20110452

Stephen D. Williger, 3900 Key Tower, 127 Public Square, Cleveland, Ohio 44114-1291, for plaintiff-appellee

Thomas Wyatt Palmer, Brad W. Stoll, 41 South High Street, Suite 1700, Columbus, Ohio 43215, for plaintiff-appellee

Steven F. Stuhlbarg, Maribeth Mincey, 7809 Shadowhill Way, Cincinnati, Ohio 45242, for defendants-appellants

Kathy Gamble, 103 East Main Street, Wilmington, Ohio 45177, for defendant, Clinton County Treasurer

**HENDRICKSON, P.J.**

{¶ 1} Defendants-appellants, Glenn R. Carroll and Peggy L. Carroll, appeal a

decision of the Clinton County Court of Common Pleas granting summary judgment and a decree of foreclosure in favor of plaintiff-appellee, JPMorgan Chase Bank, N.A. (JPMorgan).[1] For the reasons discussed below, we affirm the decision of the trial court.

{¶ 2} On January 23, 2004, Glenn executed a promissory note in favor of Chase Manhattan Mortgage Corporation in the principal amount of $127,000, with interest of 6.25 percent per annum. The note called for monthly payments for a period of 30 years. Glenn and Peggy executed a mortgage that secured the note and encumbered the property located at 562 Brooke Boulevard in Wilmington, Ohio.

{¶ 3} In August 2010, the terms of the note were modified. Pursuant to a "Loan Modification Agreement," the new principal balance of the note was $117,143.29, with interest of 5 percent per annum. The terms of the modification agreement required Glenn to submit monthly payments until the note's maturity date of February 1, 2034.

{¶ 4} On July 26, 2011, JPMorgan filed a complaint in foreclosure. In its complaint, JPMorgan alleged it was the holder of the note secured by the mortgage on the Brooke Boulevard property and that the note had been defaulted on in the amount of $115,377.36, together with interest at the rate of 5 percent per annum from March 1, 2011. JPMorgan further alleged it had a valid lien on the property, subject only to any lien held by the Clinton County Treasurer, and it sought to have the mortgage foreclosed, the property sold, and the proceeds distributed. JPMorgan attached to its complaint copies of the note and mortgage, as well as copies of certificates of merger detailing the merger of Chase Manhattan Mortgage Corporation into Chase Home Finance LLC in January 2005 and Chase Home Finance LLC's merger into JPMorgan in May 2011.

{¶ 5} Appellants filed an answer on August 10, 2011, and within their answer,

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.

requested the case be sent to mediation. Following an unsuccessful attempt at mediation, JPMorgan moved for summary judgment. In its motion, JPMorgan argued appellants were delinquent in making payments on the note under the terms established in the Loan Modification Agreement and that $115,377.36 plus interest was due and owed. In support of its motion, JPMorgan attached the affidavit of Michael Brown, JPMorgan's Vice President. In his affidavit, Brown averred, in relevant part, as follows:

> (1) I am authorized to execute this affidavit on behalf of JPMorgan Chase Bank, National Association * * *. The statements made in this Affidavit are based on my personal knowledge.
>
> * * *
>
> (4) In my capacity as Vice President, I have access to [JPMorgan's] business records, maintained in the ordinary course of regularly conducted business activity, including the business records for and relating to [Glenn Carroll's] loan. These records include the historic records of Chase Home Finance LLC, which merged with [JPMorgan] effective May 1, 2011. I make this affidavit based upon my review of those records relating to [Glenn Carroll's] loan and from my own personal knowledge of how they are kept and maintained. The loan records for [Glenn Carroll] are maintained by [JPMorgan] in the course of its regularly conducted business activities and are made at or near the time of the event, by or from information transmitted by a person with knowledge.
>
> (5) [JPMorgan's] business records that relate to [Glenn Carroll's] loan that I reviewed and relied upon for the statements made in this Affidavit include but are not limited to the Note, Mortgage and [JPMorgan's] electronic servicing system. True and exact copies of the Note and Mortgage are attached hereto.
>
> (6) [JPMorgan's] records contain a Note executed by Glenn Carroll in the amount of $127,000.00 secured by a Mortgage on a property located at 562 Brooke Boulevard, Wilmington, Ohio 45177. [JPMorgan] * * * holds the Note and is the servicer for the loan. The loan was modified by an agreement effective 08/01/2010.
>
> (7) [Glenn Carroll] has defaulted under the terms of the Note and Mortgage. [Glenn Carroll's] default on the Note and Mortgage has not been cured, and the loan balance has been accelerated making the entire balance due and owing in accordance with the terms of the loan documents.
>
> (8) As a result of [Glenn Carroll's] default, [Glenn Carroll] owes * * * the

principal sum of $115,377.36 plus interest at 5.000% per annum from 03/01/2011 plus advances for taxes, insurance, and otherwise to protect the property, if any.

Copies of the note, mortgage, and loan modification agreement were attached to Brown's affidavit.

{¶ 6} In response to JPMorgan's motion for summary judgment, appellants sought and were granted leave to file an amended answer. In their amended answer, appellants asserted several affirmative defenses. Appellants argued JPMorgan lacked standing to bring the lawsuit, could not produce the original mortgage documents, and had violated the Truth In Lending Act (TILA), 15 U.S.C. 1601 et seq., the Real Estate Settlement Procedure Act (RESPA), 12 U.S.C. 2601 et seq., and the Home Ownership Equity Protection Act (HOEPA), 15 U.S.C. 1639 et seq. Appellants argued these violations gave them the right to rescind the transaction.

{¶ 7} Appellants also filed a memorandum in opposition to JPMorgan's motion for summary judgment. In their memorandum in opposition, appellants argued that JPMorgan was not a proper party to the lawsuit as "Mr. Carroll has never done any business with any entity called 'JPMorgan'" and JPMorgan is "not the name of the bank with which Mr. Carroll took out a mortgage." Appellants further argued they did not know "Michael Brown" and they denied that Brown would have any personal knowledge about the note or mortgage. Finally, appellants argued they were entitled to rescind the transaction as JPMorgan violated: (1) TILA by failing to deliver to Glenn two copies of notice of the right to rescind, by failing to properly and accurately disclose the amount financed, the finance charge, the total of payments, the annual percentage rate, and the number, amounts and timing of payments scheduled to repay the obligation, and by failing to clearly and accurately itemize the amount financed; (2) RESPA by failing to provide the Housing and Urban Development special information booklet, a Mortgage Servicing Disclosure Statement, and Good Faith Estimate of

settlement/closing costs to appellants at the time of the loan application or within three days thereafter, by failing to provide an annual Escrow Disclosure Statement for each year of the mortgage since its inception, by giving or accepting fees, kickbacks or other things of value in exchange for referrals of settlement service business and receiving unearned fees for services not actually performed, and by charging a fee at the time of the loan closing for the preparation of the truth-in-lending, uniform settlement, and escrow account statements; and (3) HOEPA by failing to make proper disclosures and committing intentional predatory lending by including prohibited terms. In support of their arguments, appellants attached an affidavit from Glenn, in which he avers that JPMorgan has no standing to bring the foreclosure lawsuit as it is "a complete stranger" who he has "never done any business with," Brown lacks personal knowledge about him or his mortgage as he "never met the man," and JPMorgan failed to make disclosures necessary under TILA, RESPA, and HOEPA.

{¶ 8} In a reply brief, JPMorgan argued it had standing as the holder of the note and mortgage. JPMorgan contended it was "essentially the original lender and mortgagee as it was only through a series of mergers that the name of the original lender and mortgagee changed from 'Chase Manhattan Mortgage Corporation' to [JPMorgan]," and it attached copies of certificates of merger detailing the merger of Chase Manhattan Mortgage Corporation into Chase Home Finance LLC and Chase Home Finance LLC's merger into JPMorgan. It further argued Brown was a proper affiant pursuant to Evid.R. 803(6), and the documents attached to its motion for summary judgment demonstrated that it was entitled to judgment. Finally, JPMorgan argued TILA, HOEPA, and RESPA were inapplicable to the action and any claims under the federal acts were barred by the acts' respective statutes of limitations. In response, appellants argued their claims under TILA, HOEPA, and RESPA were subject to equitable tolling, and therefore, remained valid defenses to the action.

{¶ 9} On February 22, 2013, the trial court issued a decision granting summary

judgment to JPMorgan. The trial court found JPMorgan had standing to bring the action as it was the holder of the note and mortgage by merger, Brown was a proper affiant with knowledge relating to JPMorgan's business records, and appellants' affirmative defenses were without merit as their claims under TILA, HOEPA, and RESPA were barred by three-year statutes of limitations, which were not subject to equitable tolling. Finally, the court found the evidence produced by JPMorgan demonstrated that Glenn had defaulted under the terms of the note and mortgage, as modified by the loan modification agreement, by failing to make his monthly installment payments, that the debt had been lawfully accelerated, and that the total due on the note was the principal sum of $115,377.36 plus interest on the principal amount at the rate of 5 percent per annum from March 1, 2011.

{¶ 10} On March 22, 2013, the trial court issued a Judgment Entry and Decree in Foreclosure memorializing its decision to grant summary judgment to JPMorgan. Appellants appeal from this entry, setting forth four assignments of error. For ease of discussion, we will address appellants' third and fourth assignments of error together.

{¶ 11} Assignment of Error No. 1:

{¶ 12} GRANTING SUMMARY JUDGMENT WAS INAPPROPRIATE BECAUSE [JPMORGAN] LACKS STANDING.

{¶ 13} In their first assignment of error, appellants contend the trial court improperly awarded summary judgment to JPMorgan because it did not have standing to bring the foreclosure lawsuit. Appellants contend that, as the note and mortgage were executed in favor of Chase Manhattan Mortgage Corporation, JPMorgan was not a proper party to the action, and therefore, did not have the right to seek enforcement of the note and mortgage. We disagree.

{¶ 14} "Standing is a preliminary inquiry that must be made before a [trial] court may consider the merits of a legal claim." *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 332, 2010-

Ohio-6036, ¶ 9. Whether standing exists is a question of law that an appellate court reviews de novo. *Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 13.

{¶ 15} In a foreclosure action, the plaintiff must have standing at the time the complaint is filed in order to invoke the jurisdiction of the common pleas court. *Federal Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 24-25. "It is an elementary concept of law that a party lacks standing to *invoke the jurisdiction* of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." (Emphasis sic.) *Id.* at ¶ 22. "[A] party may establish that it is the real party in interest with standing to invoke the jurisdiction of the common pleas court when, 'at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned *or* (2) is the holder of the note." (Emphasis sic.) *Bank of New York Mellon v. Burke*, 12th Dist. Butler No. CA2012-12-245, 2013-Ohio-2860, ¶ 13, quoting *CitiMortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, ¶ 21. *See also Schwartzwald* at ¶ 28; *Self Help Ventures Fund v. Jones*, 11th Dist. Ashtabula No. 2012-A-0014, 2013-Ohio-868, ¶ 17.

{¶ 16} The documents attached to JPMorgan's complaint and the evidence attached in support of JPMorgan's motion for summary judgment establish that JPMorgan had an interest in both the note and mortgage at the time the complaint was filed. JPMorgan became the real party in interest as a result of merger.

{¶ 17} When a merger between two companies occurs, one of those companies ceases to exist. "[A] merger involves the absorption of one company by another, the latter retaining its own name and identity, and acquiring the assets, liabilities, franchises and powers of the former. Of necessity, the absorbed company ceases to exist as a separate business entity." *Morris v. Invest. Life Ins. Co.*, 27 Ohio St.2d 26, 31 (1971). "[T]he absorbed company becomes a part of the resulting company following merger [and] the

merged company has the ability to enforce * * * agreements as if the resulting company had stepped in the shoes of the absorbed company." *Acordia of Ohio, L.L.C. v. Fishel*, 133 Ohio St.3d 356, 2012-Ohio-4648, ¶ 6; *Fidelity Tax, L.L.C. v. Hall*, 10th Dist. Franklin No. 12AP-923, 2013-Ohio-3165, ¶ 18. Once "an existing bank takes the place of another bank after a merger, no further action is necessary" to become a real party in interest. *Huntington Natl. Bank v. Hoffer*, 2d Dist. Greene No. 2010-CA-31, 2011-Ohio-242, ¶ 15.

{¶ 18} In the present case, JPMorgan produced copies of certificates of merger confirming the merger of the original mortgagee on the note and mortgage, Chase Manhattan Mortgage Corporation, with another bank, Chase Home Finance LLC, in January 2005, and then Chase Home Finance LLC's subsequent merger with JPMorgan in May 2011.[2] These documents demonstrate JPMorgan succeeded to all the rights and obligations of Chase Manhattan Mortgage Corporation under the note and the mortgage that Glenn had executed. Appellants failed to present evidence rebutting the evidence of merger. As such, we find JPMorgan had standing to assert its rights under the note and mortgage at the time the foreclosure complaint was filed.

{¶ 19} Appellants' first assignment of error is, therefore, overruled.

{¶ 20} Assignment of Error No. 2:

{¶ 21} DISPUTED FACTS MADE GRANTING [JPMORGAN'S] SUMMARY JUDGMENT IMPROPER.

{¶ 22} In their second assignment of error, appellants argue summary judgment was improper as genuine issues of material fact exist regarding Brown's alleged "personal knowledge" about the note and mortgage executed by Glenn. Appellants essentially assert

---

2. The certificates of merger, which were filed with the Delaware Secretary of State's Office, are signed by the Delaware Secretary of State and include the seal of the office. As such, the certificates of merger are admissible as evidence pursuant to Evid.R. 803(8) and Evid.R. 902. *See SFJV 2005, L.L.C. v. Ream*, 187 Ohio App.3d 715, 2010-Ohio-1615, ¶ 51 (2d Dist.).

that Brown cannot have personal knowledge about Glenn's interactions with JPMorgan, or its predecessor entities, as Glenn has never personally met Brown. In support of their argument, appellants rely on Glenn's affidavit, in which he attests as follows:

> I do not know this "Michael Brown" and he has never met me. I deny that he has any personal knowledge about me or my mortgage. Mr. Brown attests * * * that he has "personal knowledge" about me and my mortgage; I disagree, and, having never met the man, cannot imagine how he could ever have come to have such personal knowledge.

{¶ 23} This court's review of a trial court's ruling on a motion for summary judgment is de novo. *Grizinski v. Am. Express Fin. Advisors, Inc.*, 187 Ohio App.3d 393, 2010-Ohio-1945, ¶ 14 (12th Dist.). "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Morris v. Dobbins Nursing Home*, 12th Dist. Clermont No. CA2010-12-102, 2011-Ohio-3014, ¶ 14, citing *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist.1997). Summary judgment is appropriate when there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *U.S. Bank v. Fitzgerrel*, 12th Dist. Clermont No. CA2011-09-063, 2012-Ohio-4522, ¶ 10.

{¶ 24} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The nonmoving party must then present evidence that some issue of material fact remains to be resolved. *Id.* "A dispute of fact can only be considered 'material' if it affects the outcome of the litigation." *Fitzgerrel* at ¶ 11.

{¶ 25} After reviewing the record, including the exhibits and affidavit attached to

JPMorgan's motion for summary judgment, we find JPMorgan has established its right to relief in foreclosure as a result of Glenn's default in payment under the terms of the note. The fact that appellants have never personally met Brown is immaterial as Brown's affidavit comports with the requirements of Civ.R. 56(E). Brown's statements were based on personal knowledge developed from his position as JPMorgan's vice president. Brown's affidavit demonstrated he was competent to testify about the subject note and mortgage as he reviewed the historic records of Chase Home Finance LLC and the business records relating to Glenn's loan, including the note, mortgage, and loan modification agreement, all of which were kept in the ordinary course of regularly conducted business activity and were admissible pursuant to Evid.R. 803(6). *See Cent. Mtge. Co. v. Bonner*, 12th Dist. Butler No. CA2012-10-204, 2013-Ohio-3876, ¶ 13-18 (finding that Evid.R. 803[6] permits an entity that did not create the business records to admit the business records of a predecessor entity when all other requirements of Evid.R. 803[6] are met and circumstances indicate the records are trustworthy).

**{¶ 26}** Appellants' bald assertions that they "do not know" Brown, that JPMorgan is "a complete stranger" to them, and that they "deny owing" JPMorgan "anything" are insufficient to overcome the evidence presented by JPMorgan. The fact that such assertions are couched in an affidavit by Glenn is also insufficient to overcome JPMorgan's evidence. "[I]t is well-established that a 'party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact.'" *Hillstreet Fund III, L.P. v. Bloom*, 12th Dist. Butler No. CA2009-07-178, 2010-Ohio-2961, ¶ 10, quoting *TJX Cos., Inc. v. Hall*, 183 Ohio App.3d 236, 2009-Ohio-3372, ¶ 30 (8th Dist.). To hold otherwise would necessarily abrogate the utility of the summary judgment exercise and allow appellants, as the nonmoving party, to avoid summary judgment "by simply submitting * * * a self-serving affidavit containing nothing

more than bare contradictions of the evidence offered by the moving party." *Id.*, citing *Pavlik v. Cleveland*, 8th Dist. Cuyahoga No. 92176, 2009-Ohio-3073, ¶ 21.

{¶ 27} Appellants failed to present evidence demonstrating that a genuine issue of material fact existed or that JPMorgan was not entitled to relief as a matter of law. The evidence presented established JPMorgan's right to relief in foreclosure as a result of Glenn's default in payment under the terms of the note.

{¶ 28} Appellants' second assignment of error is, therefore, overruled.

{¶ 29} Assignment of Error No. 3:

{¶ 30} APPELLANTS' AFFIRMATIVE DEFENSES ALSO MADE GRANTING [JPMORGAN'S] SUMMARY JUDGMENT IMPROPER.

{¶ 31} Assignment of Error No. 4:

{¶ 32} APPELLANTS' [SIC] WERE ENTITLED TO EQUITABLE TOLLING FOR AFFIRMATIVE DEFENSES PRESENTED UNDER THE TRUTH IN LENDING ACT (TILA), THE HOME OWNERSHIP EQUITY PROTECTION ACT (HOEPA), AND THE REAL ESTATE SALES PRACTICES ACT (RESPA).

{¶ 33} In their third and fourth assignments of error, appellants argue summary judgment should not have been granted to JPMorgan as appellants demonstrated their right to rescind the transaction under TILA, HOEPA, and RESPA. In making this argument, appellants assert they were entitled to have the statute of limitations governing their claims under the federal acts tolled because "[t]hey lacked any actual notice of the filing requirements under TILA, HOEPA, and RESPA." Appellants contend "[i]t was up to JPMorgan * * * to notify the Carrolls of their rights, and JPMorgan * * * failed to do so."

{¶ 34} We find appellants' defenses and claims arising out of TILA, HOEPA, and RESPA are barred by the statutes of limitations applying to such actions. Depending upon the allegation and remedy sought, the statutes of limitations governing such claims are either

one year or three years. *See Wells Fargo Bank, N.A. v. Sessley*, 188 Ohio App.3d 213, 2010-Ohio-2902, ¶ 24 (10th Dist.); *Steel Valley Bank, N.A. v. Tuckosh*, 7th Dist. No. 04 HA 566, 2004-Ohio-4907, ¶ 31; 15 U.S.C. 1640(e); 12 U.S.C. 2614. Based on appellants' allegations, JPMorgan's predecessor violated these statutes during or before the January 2004 closing. As a result, the latest appellants could have raised these claims would have been in January 2007. Appellants did not raise their TILA, HOEPA, and RESPA claims until July 2012, long after the applicable statutes of limitations had expired.

{¶ 35} Appellants' argument that they are entitled to equitable tolling is without merit. For equitable tolling to apply, appellants must show "not only that [they] exercised due diligence to discover [their] cause of action prior to the running of the statute, but also that the [appellee] was guilty of some affirmative act of fraudulent concealment which frustrated discovery notwithstanding such diligence." *Trimm v. Fifth Third Mtg. Co.*, N.D.Ohio No. 3:10CV1602, 2010 WL 3515596, *3 (Sept. 3, 2010). *See also Ignash v. First Serv. Fed. Credit Union*, 10th Dist. Franklin No. 01AP-1326, 2002-Ohio-4395, ¶ 12 (holding that the statute of limitations governing a TILA claim can be tolled where the borrower can show that the plaintiff-bank engaged in a course of conduct to conceal evidence of the alleged wrongdoing and the borrower failed to discover the facts giving rise to the claim despite the exercise of due diligence). In determining whether equitable tolling is appropriate, the following five factors should be considered: "(1) lack of notice of the filing requirement, (2) lack of constructive knowledge of the filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the [opposing party], and (5) the [borrower's] reasonableness in remaining ignorant of the particular legal requirement." *Trimm* at *3, citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir.1998); s*ee also Stevens v. Ohio Dept. of Mental Health*, 10th Dist. Franklin No. 12AP-1015, 2013-Ohio-3014, ¶ 19 (applying the above five factors to determine if a plaintiff's claim under the Americans with Disabilities Act was equitably tolled

beyond the 90-day statute of limitations).

{¶ 36} Here, appellants assert they are entitled to have the statutes of limitations tolled for their TILA, HOEPA, and RESPA claims without giving any explanation as to how or why the doctrine of equitable tolling actually apply in this case. "[G]eneral references to equitable tolling without any explanation as to how it applies to the instant matter are insufficient to create genuine issues of material fact." *Sessley*, 2010-Ohio-2902 at ¶ 24. Furthermore, appellants failed to allege they were incapable of learning about JPMorgan's purportedly fraudulent conduct prior to being sued for foreclosure. Nor did appellants submit evidence demonstrating they acted with due diligence in pursuing their rights under TILA, HOEPA, or RESPA. Equitable tolling is, therefore, improper.

{¶ 37} As equitable tolling is not applicable to appellants' TILA, HOEPA, and RESPA claims, these claims are barred by the applicable statutes of limitations. Accordingly, appellants' TILA, HOEPA, and RESPA claims fail to present any genuine issues of material fact that would prevent judgment from being entered in JPMorgan's favor.

{¶ 38} Appellants' third and fourth assignments of error are, therefore, overruled.

{¶ 39} Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.