[Cite as *Bank of Am. v. Eten*, 2014-Ohio-987.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOAN SERVICING, L.P., NKA COUNTRYWIDE HOME LOAN SERVICING, L.P., | : | |
| | : | CASE NO. CA2013-05-087 |
| | : | O P I N I O N |
| Plaintiff-Appellee, | | 3/17/2014 |
| | : | |
| - vs - | : | |
| | : | |
| CHET ETEN, et al., | : | |
| | : | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2012-02-0631


Blank Rome LLP, John R. Wirthlin and Michael B. Hurley, 1700 PNC Center, 201 East Fifth Street, Cincinnati, Ohio 45202, for plaintiff-appellee

Kohnen & Patton LLP, Louis C. Schneider, 201 East Fifth Street, Suite 800, Cincinnati, Ohio 45202, for defendants-appellants, Chet Eten and Donna Eten


**S. POWELL, J.**

{¶ 1} Defendants-appellants, Chet Eten and Donna Eten, appeal from a decision of the Butler County Court of Common Pleas granting summary judgment and default judgment in favor of plaintiff-appellee, Bank of America, N.A. (Bank of America), successor by merger

to BAC Home Loans Servicing, L.P. f.k.a. Countrywide Home Loan Servicing, L.P. For the reasons discussed below, we affirm the decision of the trial court.

{¶ 2} On January 2, 2004, Chet Eten (Eten) executed a promissory note in favor of America's Wholesale Lender, in the principal amount of $109,000, for the purchase of property located in Hamilton, Ohio. Chet and Donna Eten (appellants) executed a mortgage that secured the note and encumbered the property.

{¶ 3} Subsequently, Eten defaulted on the note, and on February 15, 2012, Bank of America filed a complaint in foreclosure against appellants, as well as other defendants not at issue in this appeal. In its complaint, Bank of America alleged it was in possession of and the "holder" of the note and mortgage on the subject property. Bank of America further alleged that the note was in default. Several exhibits were attached to the complaint, including a copy of the originally executed note and mortgage, and a recorded assignment of the mortgage. Eten filed a pro se answer on March 15, 2012, which essentially detailed his efforts to obtain a loan modification from Bank of America. The answer did not include any affirmative defenses or specifically respond to any of the allegations in the complaint.

{¶ 4} Bank of America filed a motion for summary judgment as well as a motion for default judgment against those defendants who had failed to answer or otherwise appear in the case. In support of the motion for summary judgment, Bank of America filed the affidavit of Stacie Marie Pordash, Assistant Vice President of Bank of America. In response, Eten filed an unsigned statement with attachments which again detailed his efforts to obtain a loan modification with Bank of America. Ultimately, the trial court granted Bank of America's motion for default judgment and summary judgment. Appellants filed their notice of appeal on May 24, 2013. On appeal, they raise the following assignment of error:

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED BY ENTERING JUDGMENT IN FAVOR OF

APPELLEE AS APPELLEE LACKED STANDING AND HAD FAILED TO PRESENT SUFFICIENT EVIDENCE THAT IT WAS THE HOLDER OF THE PROMISSORY NOTE OR THAT THE MORTGAGE HAD BEEN PROPERLY ASSIGNED.

{¶ 7} In their sole assignment of error, appellants assert the trial court erred in granting judgment in favor of Bank of America because Bank of America failed to establish it had standing at the time the complaint was filed. Accordingly, appellants contend the trial court did not have jurisdiction to enter judgment and that Bank of America was not entitled to judgment as a matter of law.

{¶ 8} This court reviews a trial court's decision on summary judgment under a de novo standard of review. *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 7. Summary judgment is appropriate under Civ.R. 56 when (1) there is no genuine issue of material fact remaining to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. *BAC Home Loans Serv., L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 17 (12th Dist.), citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370 (1998). The party requesting summary judgment bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Sexton* at ¶ 7. Once a party moving for summary judgment has satisfied its initial burden, the nonmoving party "must then rebut the moving party's evidence with specific facts showing the existence of a genuine triable issue; it may not rest on the mere allegations or denials in its pleadings." *Id.*; Civ.R. 56(E).

{¶ 9} Specifically, as to foreclosure claims, "[a] party seeking to foreclose on a mortgage must establish execution and delivery of the note and mortgage; valid recording of

the mortgage; it is the current holder of the note and mortgage; default; and the amount owed." *Kolenich* at ¶ 26, quoting *Countrywide Home Loans, Inc. v. Baker*, 10th Dist. Franklin No. 09AP-968, 2010-Ohio-1329, ¶ 8. However, before a trial court considers the merits of a legal claim, a plaintiff must establish that it has standing to proceed. *JPMorgan Chase Bank, NA v. Carroll*, 12th Dist. Clinton No. CA2013-04-010, 2013-Ohio-5273, ¶ 14, citing *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 332, 2010-Ohio-6036, ¶ 9. Whether standing exists is a question of law, and our review of this issue is also de novo. *Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 13.

{¶ 10} In a recent decision involving a foreclosure action, the Ohio Supreme Court held that standing in a foreclosure action is required to invoke the jurisdiction of the common pleas court, and therefore standing is to be determined as of the filing of the complaint. *BAC Home Loans Servicing, L.P. v. Mapp*, 12th Dist. Butler No. CA2013-01-001, 2013-Ohio-2968, ¶ 12, citing *Federal Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 22, 24, 27. In addition, this court has recognized that a party only needs to establish "an interest in either the note *or* the mortgage at the time the complaint is filed in order to have standing to prosecute a foreclosure action." (Emphasis sic.) *Mapp* at ¶ 14, citing *Schwartzwald* at ¶ 28; *see also SRMOF 2009-1 Trust v. Lewis*, 12th Dist. Butler Nos. CA2012-11-239 and CA2013-05-068, 2014-Ohio-71, ¶ 15.

{¶ 11} In the present case, Bank of America attached the following exhibits to its complaint: (1) a copy of the originally executed note between Eten and America's Wholesale Lender; (2) a copy of the mortgage executed by appellants to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for America's Wholesale Lender; and (3) a recorded assignment of the mortgage. The copy of the note attached to the complaint contains an undated allonge. The allonge contained a special endorsement by America's Wholesale Lender to "BAC Home Loans Servicing, L.P., fka, Countrywide Home Loans

Servicing, L.P." In addition, the recorded mortgage assignment indicated that on April 6, 2010, MERS, as nominee for America's Wholesale Lender, assigned its interest in the mortgage to "BAC Home Loans Servicing, L.P., fka, Countrywide Home Loans Servicing, L.P." The assignment was recorded at the county recorder's office on April 12, 2010.

{¶ 12} It is clear from the documents attached to the complaint that BAC held both the note and mortgage prior to the filing of the complaint in this case. The mortgage and assignment of mortgage indicate that the mortgage was initially granted to MERS, as nominee for America's Wholesale Lender. On April 6, 2010, almost two years before the complaint was filed, MERS assigned the mortgage to BAC. As to the note, it contained an allonge which was "made to and a part of" the promissory note executed by Eten on January 2, 2004. The allonge contained a special endorsement to BAC. Accordingly, by virtue of this special endorsement, BAC became the holder of the note entitled to enforce it. *See* R.C. 1303.25(A).

{¶ 13} The issue appellants now challenge on appeal is that each of these documents grant BAC an interest in Eten's note and mortgage, rather than Bank of America. Essentially, appellants contend Bank of America failed to prove it is the real party in interest with standing to prosecute this foreclosure claim as it has not had the mortgage assigned to it or the note endorsed in its favor. Moreover, appellants contend that there is no evidence that BAC merged with Bank of America and therefore obtained an interest in the note and mortgage by way of this merger.

{¶ 14} "[A] merger involves the absorption of one company by another, the latter retaining its own name and identity, and acquiring the assets, liabilities, franchises and powers of the former. Of necessity, the absorbed company ceases to exist as a separate business entity." *Morris v. Invest. Life Ins. Co.*, 27 Ohio St.2d 26, 31 (1971). Following the merger, the absorbed company becomes part of the resulting company and the merged

company has the ability to enforce "agreements as if the resulting company had stepped in the shoes of the absorbed company." *Carroll*, 2013-Ohio-5273 at ¶ 17, quoting *Acordia of Ohio, L.L.C. v. Fishel*, 133 Ohio St.3d 356, 2012-Ohio-4648, ¶ 6. "Once 'an existing bank takes the place of another bank after a merger, no further action is necessary' to become a real party in interest." *Carroll* at ¶ 17, quoting *Huntington Natl. Bank v. Hoffer*, 2d Dist. Greene No. 2010-CA-31, 2011-Ohio-242, ¶ 15.

{¶ 15} Accordingly, we find that it was unnecessary for BAC to assign the mortgage or endorse the note over to Bank of America.[1] Bank of America became the real party in interest with standing to prosecute this foreclosure action by virtue of its merger with BAC. Once the two entities merged, Bank of America was able to "step in the shoes" of BAC and enforce BAC's agreements, such as Eten's note and mortgage. Accordingly, no further action was required by BAC or Bank of America in order for Bank of America to become the real party in interest. *See Carroll* at ¶ 17.

{¶ 16} Although appellants contend that there was insufficient evidence to establish BAC merged with Bank of America, we find that there was sufficient evidence in the record to support a finding that Bank of America is the successor by merger with BAC. As an initial matter, we note Bank of America alleged in its complaint that it "is in possession of and the holder" of the note executed by Eten. It also alleged that it was the "holder" of the mortgage which secured the payment of the note. Appellants failed to deny these allegations, and therefore the failure to deny these allegations operated as an admission of the specific

---

1. In addition, contrary to appellants' assertions, *Schwartwald* does not require the plaintiff to receive an assignment of the mortgage prior to the filing of the complaint. Rather, *Schwartzwald* requires the plaintiff to establish an interest in the note or the mortgage prior to the filing of the complaint to demonstrate standing. *See Mapp* at ¶ 14. Moreover, this case is distinguishable from *Schwartzwald* because it does not involve the assignment of the mortgage from one lender to another. Rather in the instant case, Bank of America obtained its interest in the mortgage by way of its merger with BAC. Once the two entities merged, BAC became a part of Bank of America. *See Acordia of Ohio, L.L.C.* at ¶ 7. It was therefore unnecessary for BAC to assign the mortgage to Bank of America as such assignment would have essentially been an assignment to itself.

averments within the complaint. *See* Civ.R. 8(D) ("[a]verments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading").

{¶ 17} In addition, in support of its motion for summary judgment, Bank of America submitted the affidavit of Stacie Marie Pordash, the Assistant Vice President of Bank of America. The affidavit stated in pertinent part:

> 1. I am authorized to sign this affidavit on behalf of plaintiff, Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP ("Bank of America, NA"), as an officer of Bank of America, N.A.* * *.
>
> * * *
>
> 4. Bank of America, successor by merger to BAC Home Loans Servicing, L.P., fka Countrywide Home Loan Servicing, L.P. has possession of the note.

As Pordash's affidavit states that Bank of America is the successor by merger to BAC, this affidavit provided sufficient Civ.R. 56 evidence to demonstrate that Bank of America merged with BAC. *See Wachovia Bank of Delaware, NA v. Jackson*, 5th Dist. Stark No. 2011CA00261, 2012-Ohio-4479, ¶ 22-27.

{¶ 18} As stated above, once the movant supports its motion with appropriate evidentiary materials, the nonmoving party may not rest upon the mere allegations or denials of its pleadings. The parties' response must set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). In this case, there was no such response. In fact, appellants failed to present any evidence to rebut Bank of America's allegations that it held the note and mortgage by virtue of the merger with BAC.

{¶ 19} Based on the foregoing, Bank of America presented sufficient evidence which demonstrated that it became the real party in interest with standing to initiate this foreclosure action as a result of its merger with BAC. The assignment of mortgage demonstrated that

BAC, which ultimately became Bank of America, obtained an interest in the mortgage on April 6, 2010, almost two years before the complaint was filed. In addition, the allonge attached to the note contained a special endorsement to BAC. By virtue of this special endorsement, BAC, and later Bank of America, became the holder of the note entitled to enforce it. Although the allonge attached to the note was undated, the fact that the note and allonge were attached to the complaint demonstrated Bank of America's possession of these documents at the time the complaint was filed.

{¶ 20} Since Bank of America had standing to initiate this action as it had an interest in the note and mortgage at the time the complaint was filed, appellants' sole assignment of error is overruled.[2]

{¶ 21} Judgment affirmed.

PIPER, J., concurs.

RINGLAND, P.J., concurs separately.

**RINGLAND, P.J., concurring separately.**

{¶ 22} I concur in judgment only. I write separately to reiterate my position, as stated in my dissenting opinion in *SRMOF 2009-1 Trust v. Lewis*, 12th Dist. Butler Nos. CA2012-11-239 and CA2013-05-068, 2014-Ohio-71, that in order to establish standing in a foreclosure action, a plaintiff must demonstrate, through evidence in the record, that it had an interest in both the note *and* the mortgage at the time it filed the complaint. *Lewis* at ¶ 32. I therefore

---

2. As we found that Bank of America had standing to initiate this action, we find it unnecessary to address appellants' remaining arguments, which challenge the validity of the assignment of the mortgage by MERS. Furthermore, appellants failed to raise these arguments below. Such arguments are therefore waived on appeal. *See Spradley v. Milliner*, 12th Dist. Clinton No. CA2002-04-019, 2002-Ohio-6882, ¶ 6; *Bank of Am., N.A. v. Barber*, 11th Dist. Lake No. 2013-L-014, 2013-Ohio-4103, ¶ 22 (finding the failure to assert arguments in the trial court waived the issues on appeal).

disagree with the majority's statement that a plaintiff only needs to establish an interest in the note or the mortgage at the time the complaint is filed in order to have standing to prosecute a foreclosure action. However, as the evidence in the record before us demonstrated that Bank of America had an interest in both the note and mortgage at the time it filed the complaint, I agree with the majority's resolution of appellants' sole assignment of error. Once again, I urge the Supreme Court to provide courts of this state with the necessary guidance on this issue.