[Cite as *M&T Bank v. Johns*, 2014-Ohio-1886.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

M&T BANK,                                    :

    Plaintiff-Appellee,                      :          CASE NO.   CA2013-04-032

    - vs -                                       :          O P I N I O N
                                                 5/5/2014

                                                 :

BARBARA A. JOHNS, et al.,                    :

    Defendants-Appellants.                       :

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012 CVE 0464

Lerner, Sampson, and Rothfuss, LPA, Adam R. Fogelman, Maria Divita, Patricia K. Block, P.O. Box 5480, Cincinnati, Ohio 45201-5480, for plaintiff-appellee

Dever Law Firm, Scott A. Hoberg, Jonathan T. Dever, 9146 Cincinnati-Columbus Road, West Chester, Ohio 45069, for defendant-appellant

**RINGLAND, P.J.**

{¶ 1}   Defendant-appellant, Barbara Johns, appeals from a decision of the Clermont County Court of Common Pleas granting summary judgment in a foreclosure action in favor of plaintiff-appellee, M&T Bank.

{¶ 2}   M&T Bank filed a foreclosure action against Johns on March 9, 2012, alleging default under a note and seeking enforcement of a mortgage against Johns.  Subsequently,

M&T Bank filed a motion for summary judgment against Johns. In response, Johns challenged M&T Bank's standing to foreclose.

{¶ 3} The trial court granted M&T Bank's motion for summary judgment in part, and denied it in part. The trial court determined that there was a question as to whether M&T Bank held an interest in the note at the time the complaint was filed. Following additional briefing and the trial court's consideration of an affidavit which, unknown to the court, existed at the time of the previous decision, the trial court granted M&T Bank's motion for summary judgment in its entirety.

{¶ 4} Johns appeals from that decision, raising a single assignment of error for our review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} IN A FORECLOSURE CASE, THE TRIAL COURT ERRED IN GRANTING [M&T BANK] SUMMARY JUDGMENT WHEN IT FAILED TO ESTABLISH STANDING AT THE COMMENCEMENT OF THE ACTION.

{¶ 7} This court reviews a trial court's decision on summary judgment under a de novo standard of review. *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 7. Summary judgment is appropriate under Civ.R. 56 when (1) there is no genuine issue of material fact remaining to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. *BAC Home Loans Serv., L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 17 (12th Dist.), citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370 (1998). The party requesting summary judgment bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Sexton* at ¶

7. Once a party moving for summary judgment has satisfied its initial burden, the nonmoving party "must then rebut the moving party's evidence with specific facts showing the existence of a genuine triable issue; it may not rest on the mere allegations or denials in its pleadings." *Id.*; Civ.R. 56(E).

{¶ 8} Specifically, as to foreclosure claims, "[a] party seeking to foreclose on a mortgage must establish execution and delivery of the note and mortgage; valid recording of the mortgage; it is the current holder of the note and mortgage; default; and the amount owed." *Kolenich* at ¶ 26, quoting *Countrywide Home Loans, Inc. v. Baker*, 10th Dist. Franklin No. 09AP-968, 2010-Ohio-1329, ¶ 8. However, before a trial court considers the merits of a legal claim, a plaintiff must establish that it has standing to proceed. *JPMorgan Chase Bank, NA v. Carroll*, 12th Dist. Clinton No. CA2013-04-010, 2013-Ohio-5273, ¶ 14, citing *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 332, 2010-Ohio-6036, ¶ 9. Whether standing exists is a question of law, and our review of this issue is also de novo. *Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 13.

{¶ 9} In a recent decision involving a foreclosure action, the Ohio Supreme Court held that standing in a foreclosure action is required to invoke the jurisdiction of the common pleas court, and therefore standing is to be determined as of the filing of the complaint. *BAC Home Loans Servicing, L.P. v. Mapp*, 12th Dist. Butler No. CA2013-01-001, 2013-Ohio-2968, ¶ 12, citing *Federal Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 22, 24, 27.

{¶ 10} Johns first argues that M&T Bank "lacked standing because it failed to provide any promissory note at the time of filing the complaint." In support of this proposition, Johns cites to *Schwartzwald* and the holding that post-filing events that supply standing may be disregarded. *Id.* at 18-19. Based upon that holding, Johns argues that "if the paperwork was not there at filing, the fact it later showed up does not satisfy standing." That is an incorrect

interpretation of the holding in *Schwartzwald*. *Schwartzwald* stood for the proposition that a party must have standing at the time the complaint is filed, not that it must establish standing within the complaint and its attachments. Beyond the erroneous citation to *Schwartzwald*, Johns provides no case law in support of the proposition that standing must be proven within the complaint and its attachments.

{¶ 11} Johns next argues that the note that was attached to the motion for summary judgment failed to prove standing at the time the complaint was filed because the indorsement from Countrywide Bank, FSB to M&T Bank was undated and unsigned.

{¶ 12} Here, the note that was filed to prove standing contains an indorsement from the loan originator, Quicken Loans, Inc., to Countrywide Bank, FSB. It then contains an indorsement from Countrywide Bank, FSB to M&T Bank, and an indorsement in blank by M&T Bank. The indorsement from Countrywide Bank, FSB to M&T Bank was made with an undated signature stamp.

{¶ 13} Johns argues that because the indorsement to M&T Bank was undated, it failed to establish that M&T Bank had an interest in the note at the time the complaint was filed. However, M&T Bank provided an affidavit from an attorney-in-fact for M&T Bank, wherein he averred that M&T Bank became the holder of the note on November 16, 2011. Further, M&T Bank attached business records in the form of a loan status report evidencing that M&T Bank acquired the note on November 16, 2011, well prior to the filing of the complaint. We find that the affidavit and attached business records proved M&T Bank's interest in the note as of November 16, 2011.

{¶ 14} We next turn to Johns' argument that the indorsement from Countrywide Bank, FSB to M&T Bank was unsigned. The indorsement from Countrywide Bank, FSB to M&T Bank was made with a stamped signature. While this issue could likely be resolved on the basis of self-authentication and principles of agency, we find such a discussion unnecessary.

{¶ 15} "[B]ecause a debtor is not a party to the assignment of a note and mortgage, the debtor lacks standing to challenge their validity." *Deutsche Bank Natl. Trust. Co. v. Whiteman*, 10th Dist. No. 12AP–536, 2013-Ohio-1636, ¶ 16, citing *LSF6 Mercury REO Invests. Trust Series 2008-1 v. Locke*, 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499, ¶ 28-29. *See also Buckner v. Bank of New York*, 12th Dist. Clermont No. CA2013-07-053, 2014-Ohio-568, ¶ 15; *Bank of New York Mellon Trust Co. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, ¶ 35; *U.S. Bank, N.A. v. Lawson*, 5th Dist. Delaware No. 13CAE030021, 2014-Ohio-463, ¶ 39. While Johns has standing to argue whether M&T Bank held an interest in the note at the time the complaint was filed, she does not have standing to argue the validity of *how* M&T Bank came to be in possession of that interest. Accordingly, Johns lacks standing to challenge the validity of the assignment of the note from Countrywide Bank, FSB to M&T Bank.

{¶ 16} In the present case, M&T Bank stated in its complaint that it was in possession of the note. M&T Bank subsequently attached a copy of that note to its motion for summary judgment. M&T Bank provided an affidavit and business records to prove that it obtained an interest in the note prior to the filing of the complaint. The mortgage was assigned to M&T Bank on February 16, 2012, prior to the filing of the complaint. Therefore, M&T Bank proved that it had an interest in both the mortgage and the note at the time the complaint was filed.

{¶ 17} In light of the foregoing, having found that M&T Bank proved that it held an interest in the note and the mortgage at the time the complaint was filed and thus had standing, Johns' sole assignment of error is overruled.

{¶ 18} Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.