[Cite as *CitiMortgage, Inc. v. Davis*, 2014-Ohio-3292.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| CITIMORTGAGE, INC., | : | |
| | | CASE NO. CA2013-09-088 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 7/28/2014 |
| - vs - | : | |
| | : | |
| HENK A. DAVIS, et al., | : | |
| | | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 12 CV 82188


Harry J. Finke, IV, Harry W. Cappel and Brittany L. Griggs, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202, for plaintiff-appellee

James E. Kolenich, 9435 Waterstone Boulevard, Cincinnati, Ohio 45249, for defendants-appellants Henk A. Davis and Julie C. Davis

David P. Fornshell, Warren County Prosecuting Attorney, Christopher Watkins, 500 Justice Drive, Lebanon, Ohio 45036, for defendant, Jim Aumann, Treasurer


**M. POWELL, J.**

{¶ 1} Defendants-appellants, Henk Davis and Julie Davis, appeal from the decision of the Warren County Court of Common Pleas denying their motion to dismiss and granting summary judgment in favor of plaintiff-appellee, CitiMortgage, Inc. For the reasons detailed below, we affirm the decision of the trial court.

{¶ 2} Henk Davis executed a promissory note in the principal amount of $335,000 to purchase a home located at 4746 Todds Fork Road, Morrow, Ohio located in Warren County. The note called for monthly payments for a period of 30 years. In addition, appellants executed a mortgage that secured the note and encumbered the property. The mortgage identified Lender Ltd. d.b.a. Mainstream Mortgage Solutions as the lender (Mainstream Mortgage). The mortgage additionally identified Mortgage Electronic Registration Systems, Inc. (MERS) as the mortgagee and described MERS as a "separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns."

{¶ 3} Subsequently, the note was endorsed from Mainstream Mortgage to ABN AMRO Mortgage Group, Inc. (ABN). ABN then endorsed the note in blank. Thereafter, CitiMortgage came into possession of the note.

{¶ 4} On May 23, 2008, MERS, through a vice president, executed a document titled "Assignment of Mortgage," which assigned all interest under the mortgage to CitiMortgage. Thereafter, CitiMortgage filed a complaint in foreclosure against appellants based on their failure to make the required payments under the terms of the note. On July 30, 2008, the trial court entered a judgment and decree in foreclosure. CitiMortgage voluntarily dismissed the foreclosure lawsuit after Henk agreed to sign a loan modification agreement. The loan modification agreement provided that the principal balance on the note was $350,496 and required monthly payments for the remainder of the term of the loan.

{¶ 5} On May 31, 2012, CitiMortgage filed a new foreclosure complaint against appellants. The new foreclosure complaint alleged that appellants had failed to make the required payments pursuant to the terms of the loan modification agreement.

{¶ 6} On February 15, 2013, CitiMortgage moved for summary judgment. In response, appellants filed an omnibus motion to dismiss the complaint, motion to strike the affidavit supplied in CitiMortgage's motion for summary judgment, and reply in opposition to

CitiMortgage's motion for summary judgment. The trial court subsequently denied appellants' motion to dismiss and motion to strike. The trial court then granted summary judgment in favor of CitiMortgage. Appellants now appeal, raising two assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE COURT ERRED TO THE PREJUDICE OF THE DEFENDANTS BY DENYING DEFENDANTS [sic] MOTION TO DISMISS THE COMPLAINT.

{¶ 9} In their first assignment of error, appellants allege that CitMortgage lacked standing because it failed to prove that it was the holder of the note and the mortgage. We find appellants' arguments are without merit.

{¶ 10} "Standing is a preliminary inquiry that must be made before a trial court may consider the merits of a legal claim." *Bank of New York Mellon v. Blouse*, 12th Dist. Fayette No. CA2013-02-002, 2013-Ohio-4537, ¶ 5, quoting *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, ¶ 9. Whether standing exits is a question of law that an appellate court reviews de novo. *Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 13.

{¶ 11} In *Federal Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, the Ohio Supreme Court held that standing in a foreclosure action is required to invoke the jurisdiction of the common pleas court, and therefore standing is to be determined as of the filing of the complaint. *BAC Home Loans Servicing, L.P. v. Mapp*, 12th Dist. Butler No. CA2013-01-001, 2013-Ohio-2968, ¶ 12. "In addition, this court has recognized that a party only needs to establish 'an interest in either the note or the mortgage at the time the complaint is filed in order to have standing to prosecute a foreclosure action.'" *Bank of Am. v. Eten*, 12th Dist. Butler No. CA2013-05-087, 2014-Ohio-987, ¶ 10.

{¶ 12} We begin by addressing appellants' first argument, which alleges that CitiMortgage does not have an interest in the mortgage. The trial court found that

- 3 -

CitiMortgage had an interest in the mortgage by virtue of an assignment of mortgage executed on May 23, 2008 to CitiMortgage.

{¶ 13} In its motion for summary judgment, CitiMortgage presented the testimony of Jennifer Sherman, a business operations analyst familiar with the business records of the company. Sherman averred that CitiMortgage has an interest in the mortgage dated July 27, 2007 and signed by appellants that was given to secure payment on the note. Sherman testified that CitiMortgage has an interest in the mortgage by virtue of an assignment to CitiMortgage that occurred on May 23, 2008. A true copy of the mortgage assignment was attached to Sherman's affidavit.

{¶ 14} On appeal, appellants contend that CitiMortgage does not have standing because CitiMortgage does not have an interest the mortgage. Neither party disputes that CitiMortgage had an interest in the mortgage by virtue of the May 23, 2008 assignment to CitiMortgage, which occurred prior to the first foreclosure action. However, in support of their position, appellants allege that the loan modification agreement, in addition to altering the terms of the note, also operated to re-assign the mortgage from CitiMortgage to MERS. Appellants' position is based on a provision contained in the loan modification agreement that refers to MERS as the mortgagee of record. Therefore, appellants argue that MERS is the proper mortgagee and CitiMortgage does not have standing to bring this action.

{¶ 15} Based on our review of the evidence, we find appellants' arguments are not supported by the record and are therefore without merit.

{¶ 16} Contrary to appellants' arguments, the loan modification agreement does not purport to assign the mortgage from CitiMortgage to MERS and there is no evidence in the record to support a finding that CitiMortgage ever assigned the mortgage after it was assigned to them on May 23, 2008. The loan modification agreement only changed the principal amount owed and the monthly payment owed on the note and it had no effect on

the status of the mortgage. Indeed, the loan modification agreement specifically provided that "except as specifically provided in this Agreement, the Note and Security Instrument will remain unchanged." As a result, the unrefuted evidence in the record with regard to the mortgage was provided by Sherman who testified that CitiMortgage has an interest in the mortgage by virtue of an assignment executed on May 23, 2008. The record is devoid of any evidence to contradict the testimony provided by Sherman and any finding to the contrary would be purely speculative. Accordingly, the trial court did not err in finding that CitiMortgage had an interest in the mortgage.

{¶ 17} Appellants next argue that CitiMortgage is not the holder of the note. In so doing, appellants argue that the allonge containing the endorsements on the note was not effective because the allonge was not attached to the note as required by Ohio law.

{¶ 18} R.C. 1303.31(A) identifies three "persons" entitled to enforce an instrument: "(1) [t]he holder of the instrument; (2) a nonholder in possession of the instrument who has the rights of a holder; and (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [R.C. 1303.38] or [R.C. 1303.58(D)]." *Bank of America, N.A. v. Jackson*, 12th Dist. Warren No. CA2014-01-018, 2014-Ohio-2480, ¶ 34.

{¶ 19} "For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument." *U.S. Bank Natl. Assn. v. Mitchell*, 6th Dist. Sandusky No. S-10-043, 2012-Ohio-3732, ¶ 15, citing R.C. 1303.24(A)(2). A paper affixed to an instrument is called an "allonge" and becomes an extension or a part of the instrument. *Id.*, citing *Society Natl. Bank v. Security Fed. Savings and Loan*, 71 Ohio St.3d 321, 326 (1994).

{¶ 20} In the present case, CitiMortgage introduced the testimony of Sherman to show that CitiMortgage was a holder of the note. Sherman averred that CitiMortgage was in physical possession of the original note and a copy of that note was attached to Sherman's

affidavit. The note indicated that Mainstream Mortgage was the originating lender. An allonge attached to the instrument transferred the note from Mainstream Mortgage to ABN. ABN endorsed the note in blank and Sherman testified that CitiMortgage was in physical possession of the note.

{¶ 21} In their memorandum in opposition before the trial court, appellants argued that Sherman failed to specify in her affidavit that the allonge was attached to the note. Therefore, appellants maintained that CitiMortgage was not the holder of the note. Appellants did not claim the note was defective in any other way.

{¶ 22} In response to the argument raised by appellants, CitiMortgage introduced a subsequent affidavit executed by Travis Nurse, also a business operations analyst familiar with the business records of the company. Nurse averred that he had personally reviewed the original note and the allonge was stapled to the note.

{¶ 23} On appeal, appellants again claim that CitiMortgage does not have standing to enforce the note. Again, appellants only argument with respect to the note involves whether the allonge was attached to the note. Appellants argue that the Nurse affidavit was insufficient to establish that the allonge was attached to the note because: (1) CitiMortgage failed to explain why Sherman did not state that the allonge was stapled to the note in her affidavit; (2) Nurse did not disclose whether he reviewed the note before or after Sherman reviewed the note; and (3) Nurse does not address whether the allonge was attached to the note when it was received by CitiMortgage.

{¶ 24} Again, based on our review of the evidence, we find the trial court did not err in finding that CitiMortgage was the holder of the note. Here, appellants have raised mere speculative arguments in support of their position that are insufficient to defeat CitiMortgage's motion for summary judgment or to support their own motion to dismiss. *U.S. Bank Natl. Assn. v. Urbanski*, 10th Dist. Franklin No. 13AP-520, 2014-Ohio-2362, ¶ 21 (mere

speculation does not raise a question of material fact to defeat summary judgment). The testimony provided by Sherman and Nurse indicates that CitiMortgage is the holder of the note and the allonge was attached to that note. Appellants have failed to offer any evidence to contradict that testimony. Accordingly, the trial court did not err in finding that CitiMortgage was the holder of the note.

{¶ 25} Therefore, we find the trial court did not err in finding that CitiMortgage had standing because it had an interest in the mortgage and was the holder of the note.[1] The trial court did not err in denying appellants' motion to dismiss. Accordingly, we find appellants' first assignment of error lacks merit.

{¶ 26} Assignment of Error No. 2:

{¶ 27} THE COURT ERRED TO THE PREJUDICE OF THE DEFENDANTS BY GRANTING THE PLAINTIFF SUMMARY JUDGMENT.

{¶ 28} In their second assignment of error, appellants argue the trial court erred in granting CitiMortgage's motion for summary judgment. We find no merit to this argument.

{¶ 29} Pursuant to Civ. R. 56, summary judgment is appropriate when "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." *Whitaker v. Advantage RN, L.L.C.*, 12th Dist. Butler No. CA2012-04-082, 2012-Ohio-5959, ¶ 16, quoting *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 368 (1998). The party moving for summary judgment has the initial burden of demonstrating no genuine issue of material fact exists. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, (1996). "The nonmoving party must then rebut the moving party's evidence with specific facts showing the

---

1. As indicated in paragraph 11 above, an interest in either the note or mortgage is sufficient to establish standing.

existence of a genuine triable issue; it may not rest on the mere allegations or denials in its pleadings." *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 7.

{¶ 30} "A party seeking to foreclose on a mortgage must establish execution and delivery of the note and mortgage; valid recording of the mortgage; it is the current holder of the note and mortgage; default; and the amount owed." *M&T Bank v. Johns*, 12th Dist. Clermont No. CA2013-04-032, 2014-Ohio-1886, ¶ 8.

{¶ 31} As previously noted, the trial court properly found that CitiMortgage had an interest in the mortgage and was the holder of the note. According to the averments made by Sherman in her affidavit, CitiMortgage was in possession of the note, the note was secured by a mortgage on appellants' property, and the note was in default due to nonpayment. Copies of the executed note and mortgage were attached to the affidavit. In addition, CitiMortgage attached the supplemental affidavit of Travis Nurse who averred that he had personally reviewed the original note and "[t]he allonge that appears as the last page of the Note is affixed to the Note by stapling."[2] Appellants have produced no evidence to the contrary and instead rely on speculation and innuendo to contest the validity of the summary judgment evidence.

{¶ 32} As a result, we find the trial court did not err in granting summary judgment in favor of CitiMortgage on its foreclosure complaint. CitiMortgage presented uncontested evidence that appellants had defaulted on the note and CitiMortgage had standing to foreclose on the property. Based on the evidence presented, appellants failed to demonstrate a genuine issue of material fact to survive summary judgment. Therefore, appellants' second assignment of error is overruled.

{¶ 33} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.

_____

2.  The only specific issue raised here by appellants relates to whether the allonge was attached to the note.